# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHRISTINA P.,**[1] <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br> Defendant. | Case No. 3:18-CV-00236-AC <br><br> **OPINION AND ORDER** |

Brian Scott Wayson, PO Box 12028, Portland, Oregon 97212. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Michael Howard, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Christina P. appeals the Commissioner of Social Security's ("Commissioner") denial of her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. On September 27, 2019, Magistrate Judge John V.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

Acosta issued his Findings and Recommendation ("F&R") in this case, which recommended that this Court affirm the Commissioner's decision. ECF 24.

Plaintiff timely filed an objection to the F&R. ECF 28. Defendant filed a response to Plaintiff's objection. ECF 29. This Court has reviewed de novo the portion of the F&R to which Plaintiff objected. For the following reasons, this Court adopts Magistrate Judge Acosta's F&R and affirms the Commissioner's decision.

## STANDARD OF REVIEW

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff's objection claims that Magistrate Judge Acosta failed to address her argument that the Administrative Law Judge ("ALJ") erred by failing to conduct a Drug Addiction and Alcoholism ("DAA") analysis pursuant to Social Security Ruling ("SSR") 13-2p after finding Plaintiff's alcohol abuse to be a severe impairment. ECF 28 at 2. Plaintiff further contends that the ALJ used evidence of Plaintiff's substance use prejudicially against her. *Id.* Plaintiff's argument fails for the following reasons.

First, a DAA analysis is only required if the ALJ finds the claimant disabled. *See* SSR 13-2p, 2013 WL 621536, at *5–6; *see also* 20 C.F.R. § 416.935(a). It is well-established in the Ninth Circuit that "an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction" and "[i]f the ALJ finds that the claimant is not disabled under the five-step inquiry . . . there is no need to proceed with the analysis under 20 C.F.R. §§ 404.1535 or 416.935." *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). Here, after evaluating Plaintiff's disability claim and conducting the five-step inquiry, the ALJ did not find Plaintiff disabled. AR 31. Therefore, the ALJ was not required to engage in a DAA analysis. *See Oyler v. Berryhill*, No. 3:17-CV-05784-DWC, 2018 WL 1790743, *3 n.2 (W.D. Wash. Apr. 16, 2018) (finding no error when ALJ failed to perform DAA analysis when claimant not found disabled).

Furthermore, although Plaintiff argues that the ALJ "impermissibly used evidence of substance use in the record prejudicially against [her]," ECF 28 at 2, the ALJ explicitly rejected any such use or characterization of the substance use evidence. AR 27. In his decision, the ALJ specifically note that "[t]he fact that the claimant consumes alcohol, marijuana, and/or heroin is not material to this case" though "provid[ing] inconsistent statements on the subject is relevant to her reliability as an accurate historian." *Id*. The ALJ found the combination of Plaintiff's inconsistent statements regarding her daily living activities, past employment, and substance use undermined her alleged symptom severity, particularly given the paucity of objective medical evidence in the record. AR 28. Thus, this Court finds that the ALJ appropriately used Plaintiff's statements regarding substance use as part of his determination of the reliability of her symptom testimony, not to impugn her character. *See Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.

2002) (upholding the ALJ's decision to discount claimant's symptom testimony where claimant made inconsistent statements about her alcohol and drug use).

For these reasons, this Court finds that Magistrate Judge Acosta did not err in failing to find that the ALJ needed to conduct a DAA analysis.

## CONCLUSION

This Court has reviewed de novo the portion of Magistrate Judge Acosta's Findings and Recommendation to which Plaintiff objected. Finding no error, this Court ADOPTS Magistrate Judge Acosta's Findings and Recommendation, ECF 24, and AFFIRMS the Commissioner's decision.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge